**STRADLEY RONON STEVENS & YOUNG, LLP**
JEFFREY MCFADDEN (Fla. Bar No. 0019052)
PHILIP FORET (Pa. Bar No. 87509)
*Pro Hac Vice Admission to be submitted*
DAVID FITZGIBBON (Pa. Bar No. 206392)
*Pro Hac Vice Admission to be submitted*
1250 Connecticut Avenue, N.W., Suite 500
Washington, DC 20036
Telephone:  (202) 822-9611
Facsimile:  (202) 822-0140
Email: jmcfadden@stradley.com
          pforet@stradley.com
          dfitzgibbon@stradley.com

Attorneys for Plaintiff,
ACHRISTAVEST PIER 6600 LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ACHRISTAVEST PIER 6600 LLC, a New Jersey limited liability company,<br><br>*Plaintiff*,<br><br>vs.<br><br>3030 BAYSHORE PROPERTIES LLC, a Florida limited liability company,<br><br>*Defendant.* | Civil Action No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Achristavest Pier 6600 LLC, a New Jersey limited liability company, by and through its undersigned counsel, files this complaint against Defendant 3030 Bayshore Properties LLC, a Florida limited liability company, and in support of its claims alleges as follows:

**THE PARTIES**

1.    Plaintiff, Achristavest Pier 6600 LLC, ("Plaintiff" or "Achristavest") is a New Jersey limited liability company with a principal place of business of 2501 Seaport Drive, Suite SH400, Chester, Pennsylvania 19013.

1

2. Upon information and belief, Defendant, 3030 Bayshore Properties LLC, ("Defendant" or "Bayshore") is a Florida limited liability company with a business address of 3016 Bayshore Drive, Fort Lauderdale, FL 33304.

3. Upon information and belief, Bayshore owns and operates a hotel located at 3030 Bayshore Drive, Fort Lauderdale, FL 33304 ("Defendant's Hotel"). Upon information and belief, Bayshore owns, controls, and uses the trademark and trade name IKONA (the "Infringing Mark") to advertise and promote Defendant's Hotel.

## STATEMENT OF CASE

4. This is a civil action by Plaintiff against Defendant seeking injunctive relief, Defendant's profits, compensatory damages sustained, attorneys' fees, treble damages, statutory damages, and costs of this action, among other relief, for trademark infringement, false designation of origin, and unfair competition – all of which are violations of federal law and Florida state and common law.

5. Plaintiff brings this action due to Defendant's continued and willful infringement and disregard of Plaintiff's federally-registered **ICONA**® Trademark (as later defined), and Defendant's use of trademarks, trade names, and domain names, consisting of marks confusingly similar to the **ICONA**® Trademark in connection with the advertising and promotion of competing hotel and hospitality services. Defendant's use of the confusingly similar Infringing Mark is likely to bring to mind Plaintiff's distinctive **ICONA**® Trademark, create consumer confusion, and create a false association between Plaintiff and Defendant. Plaintiff is informed and believes that Defendant commenced use of the Infringing Mark after Plaintiff commenced use of, and obtained Federal registration of, the **ICONA**® Trademark.

6. As set forth below, Defendant's acts constitute federal and state trademark

2

infringement, use of a false designation of origin, false description, unfair competition, and injury to business reputation, all in violation of 15 U.S.C. §§ 1114 and 1125(a) and (d) and Florida state and common law.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (d), and Florida state and common law.

8. This Court has jurisdiction over Plaintiff's claims against Defendant because the Court has original federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121. This Court has supplemental subject matter jurisdiction over Plaintiff's remaining state law and common law claims under 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over Defendant because Defendant does business in the State of Florida and because the willful actions alleged in this Complaint originate in the State of Florida and this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the facts giving rise to the claims alleged in this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

### *THE ICONA® TRADEMARK*

11. Plaintiff operates three (3) high profile hotels, all of which prominently use and display the federally-registered **ICONA®** trademark and other related common law trademarks, domain names, and corporate names consisting of the word "ICONA" (the "**ICONA®** Trademark").

12. Plaintiff's **ICONA®** hotels provide a distinctively upscale hospitality experience combining luxurious rooms with breathtaking views, beautiful amenities, a vibrant staff,

inventive cocktails, and delicious cuisine. Plaintiff also provides meeting and banquet services, private rooms for exhibitions and social functions, and general purpose facilities for conferences, conventions, and seminars.

13. Plaintiff has continuously, exclusively, and extensively used the **ICONA**® Trademark in interstate commerce since at least as early as March 1, 2013, in connection with its hospitality and related services.

14. Plaintiff's goods and services have been highly publicized in connection with the **ICONA**® Trademark, and by virtue of its promotion, advertising, and continuous use, Plaintiff has acquired acclaim and a valuable reputation connected with the **ICONA**® brand.

15. Plaintiff is the owner of the following federal trademark registration for its **ICONA**® Trademark (the "**ICONA**® Registration"):

| **Trademark** | **Registration No.** | **Goods and Services** |
|---|---|---|
| ICONA | 4,539,060 | Hotels; Resort Hotels; Hotel Services; Resort Lodging Services; Restaurant, Bar, Cafe And Cocktail Lounge Services; Providing Temporary Accommodations, Namely, Hotel Rooms; Rental Of Rooms For Holding Social Functions, Conferences, Conventions, Exhibitions, Seminars And Meetings; Provision Of General Purpose Facilities For Meetings, Conferences And Exhibitions; Provision Of Banqueting And Social Function Facilities For Special Occasions |

A true and accurate copy of the **ICONA**® Registration is attached hereto as <u>Exhibit 1</u>.

16. The **ICONA**® Registration is valid, subsisting, and in full force and effect and therefore confers a nationwide right of exclusive use of the **ICONA**® Trademark in connection with the goods and services applied for in the Registration pursuant to 15 U.S.C. § 1057(c).

17. The **ICONA**® Registration is proof of the inherent distinctiveness of the **ICONA**® Trademark.

### *THE VALUABLE GOODWILL ASSOCIATED WITH THE ICONA® TRADEMARK AND THE FINE REPUTATION OF PLAINTIFF*

18. The **ICONA**® hotels are popular among consumers and tourists seeking a luxurious getaway and have received numerous positive reviews on various online websites like Tripadvisor.com, Expedia.com, theKnot.com, Zagat.com, and Yelp.com. Since the launch of its **ICONA**® brand in connection with Plaintiff's hotels, Plaintiff has continuously expended substantial resources to market, advertise, and promote its **ICONA**® Trademark in a variety of national media including, without limitation, through print and electronic media (e.g. Iconaresorts.com, Facebook, and YouTube).

19. In electronic media, which is broadly available on the Internet, hotels on the beach, like the hotels at issue in the present matter, are typically displayed together or in close proximity to one another. As a result, advertisements for Florida based beach hotels (e.g., Defendant's Hotel) can be found in close proximity to similar New Jersey based beach hotels (e.g., Plaintiff's **ICONA**® GOLDEN INN) on a single website (e.g., TripAdvisor.com or the Knot.com).

20. As a result of Plaintiff's extensive advertising and promotion, the **ICONA**® Trademark has acquired significant value, is recognized as distinctive, and has become well-known to the consuming public and the trade as identifying and distinguishing the high quality and reputation of Plaintiff's goods and services.

21. Due to the substantial success of Plaintiff's hotels, the **ICONA**® Trademark has received extensive unsolicited publicity and media coverage, including being ranked as one of the top ten (10) hotels in the United States for 2016 and 2017 in TripAdvisor's Travelers' Choice Awards.

22. Plaintiff's common law and registered rights in its **ICONA**® Trademark were

5

established long before any date of first use on which Defendant may rely.

## *HISTORY OF THE PARTIES*

23. On or about February 5, 2017, Plaintiff was first made aware of Defendant's use of the Infringing Mark as a result of an instance of actual confusion of a Florida resident.

24. On February 17, 2017, Plaintiff, by and through its counsel, sent correspondence to Defendant advising it of Plaintiff's objection to Defendant's use of the Infringing Mark in connection with Defendant's Hotel.

25. Plaintiff's counsel and Defendant exchanged correspondence and communicated on the telephone. However, having received no substantive response, Plaintiff, by and through its counsel, sent additional correspondence to Defendant on March 22, 2017.

26. After receiving Plaintiff's correspondence, Defendant announced on its Facebook® page that it had just finished taping a segment for the show *Eat This Drink That Go*, a nationally syndicated radio show that is also broadcast on the Beach Channel. In the below announcement, Defendant or its agents continue to expressly used the Infringing Mark to encourage people to visit Defendant's Hotel:



27. Such actions evidence the continued and ongoing willful infringement of Plaintiff's **ICONA®** Trademark. The present suit followed.

## *THE LIKELIHOOD OF CONFUSION BETWEEN*
## *THE ICONA® TRADEMARK AND DEFENDANT'S INFRINGING MARK*

28. Upon information and belief, Defendant had knowledge of Plaintiff's previously established rights to, and interest in, the **ICONA**® Trademark prior to purchasing Defendant's Hotel and/or commencing use of the Infringing Mark.

29. As a matter of law, Defendant was at least on constructive notice of Plaintiff's **ICONA**® Trademark due to the issuance by the United States Patent and Trademark Office of the **ICONA**® Registration prior to Defendant purchasing the Hotel and/or commencing its use of the Infringing Mark.

30. Defendant also had actual notice of Plaintiff's rights to the **ICONA**® Trademark through Plaintiff's correspondence with Defendant, but nonetheless has continued to use the Infringing Mark and/or marks which are confusingly similar to Plaintiff's registered mark.

31. Defendant's use of the confusingly similar Infringing Mark as part of its trade names, trademarks, and domain name to identify competing hotel hospitality and related services creates confusion and deception as to the source or origin of Defendant's (and/or its affiliates' or business partners') goods and services, and through this use, Defendant is unfairly trading on the valuable reputation and goodwill embodied in Plaintiff's **ICONA**® Trademark.

32. The sight, sound, and overall commercial impression conveyed by Defendant's Infringing Mark including, without limitation, IKONA and IKONA Hotel is confusingly similar to Plaintiff's **ICONA**® Trademark.

33. The Infringing Mark is "IKONA," which is phonetically equivalent to and nearly visually identical to Plaintiff's **ICONA**® Trademark and is clearly emphasized by Defendant in the various iterations of the Infringing Mark displayed on Defendant's website displayed below and Facebook® page, referenced above:

8



34.     As expressly admitted on Defendant's own website, the Defendant only recently began using the Infringing Mark in July 2016, when it opened its Hotel, well after Plaintiff first used the **ICONA**® Trademark and the United States Patent and Trademark Office issued the federal registration for the **ICONA**® Trademark.

35.     The goods and services being offered by Defendant in connection with the Infringing Mark are identical to and compete with the goods and services being offered by Plaintiff in connection with Plaintiff's **ICONA**® Trademark.

36.     Defendant's use of, and advertising of, the Infringing Mark has already caused at least one known instance of actual confusion in Florida and is likely to cause, on an ongoing basis, consumers mistakenly to believe that Defendant's (and/or its affiliates' or business partners') goods and services are approved, endorsed, sponsored by, or affiliated with Plaintiff, or that Plaintiff is a source of Defendant's (and/or its affiliates' or business partners') goods and services, or that those goods and services are in some other way associated with Plaintiff, all of

9

which cause injury and harm to Plaintiff.

37. Plaintiff has not granted any right, assignment, or license to use its **ICONA**® Trademark to Defendant (and/or its affiliates or business partners) for any purpose whatsoever.

38. Defendant's conduct infringes the **ICONA**® Trademark, it trades upon Plaintiff's goodwill and reputation, dilutes the distinctiveness of the **ICONA**® Trademark, causes a likelihood of confusion with consumers, and unfairly competes with Plaintiff.

39. Defendant's conduct has damaged, and continues to damage, Plaintiff. Because Defendant's (and/or its affiliates' or business partners') goods and services are offered improperly in connection with the Infringing Mark, Defendant has injured or is likely to injure Plaintiff's reputation and goodwill in the **ICONA**® Trademark.

## COUNT 1: INFRINGEMENT OF A REGISTERED TRADEMARK
## (15 U.S.C. § 1114)

40. Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 39 as if fully set forth in this Count 1.

41. This claim is brought under 15 U.S.C. § 1114.

42. Plaintiff has continuously and extensively used the **ICONA**® Trademark since at least as early as March 1, 2013, and has not abandoned the mark.

43. The **ICONA**® Registration is valid and enforceable.

44. Plaintiff's use and registration of the **ICONA**® Trademark in the United States for hotel and hospitality services predates the use of the Infringing Mark by Defendant.

45. Defendant's control and use of the Infringing Mark in commerce, in connection with the sale, offering for sale, distribution, or advertising of competing goods or services are likely to cause confusion, mistake, or deception with regard to the origin of Defendant's goods and services and to confuse, mislead, and deceive members of the public into believing that

Plaintiff has allowed, sponsored, approved, or licensed Defendant (and/or its affiliates or business partners) to provide competing goods and services, or that in some way Defendant (and/or its affiliates or business partners) is connected to, or affiliated with Plaintiff, when Defendant is not.

46. Any such confusion would result in injury or have a direct impact on Plaintiff's reputation and its ability to market its own goods and services under the **ICONA**® Trademark. Furthermore, any defect, objection, or fault found with Defendant's (and/or their affiliates' or business partners') goods and services would negatively impact and seriously injure the reputation Plaintiff has established for the goods and services it sells under the **ICONA**® Trademark.

47. Upon information and belief, Defendant's infringing acts and conduct, as set forth above, were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Plaintiff and the **ICONA**® Trademark to pass off Defendant's goods and services as Plaintiff's goods and services, or as having been sponsored or approved by Plaintiff.

48. Defendant's control and use of the Infringing Mark was and is without Plaintiff's permission, license, or consent. Defendant is not connected with Plaintiff or the **ICONA**® Trademark.

49. Plaintiff has objected to Defendant's use of the Infringing Mark, and Defendant has intentionally ignored such demands and continued the infringing conduct, intending to trade on Plaintiff's valuable goodwill associated with the **ICONA**® Trademark.

50. Defendant's acts constitute willful and deliberate infringement of the federally-registered **ICONA**® Trademark in violation of 15 U.S.C. § 1114.

11

51. Defendant's willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies increased, up to three times such amount, and to recover its attorneys' fees under 15 U.S.C. § 1117.

52. Plaintiff has been and will continue to be irreparably injured by Defendant's conduct. Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendant and, after trial, to recover any damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts of infringement.

## COUNT 2: FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

53. Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth in this Count 2.

54. This claim is brought under 15 U.S.C. § 1125(a).

55. Defendant's improper use of the Infringing Mark in its trade names, trademarks, corporate names, and domain name in commerce, in connection with the sale, offering for sale, distribution, or advertising of goods or services, unfairly competes with Plaintiff, constitutes a false designation of origin and false description, and falsely represents to the public that the goods and services advertised, sold, or offered for sale by Defendant, (and/or its affiliates or business partners) emanate from the same source or origin as Plaintiff's goods and services, or that Plaintiff authorizes, endorses, sponsors, or otherwise approves those goods and services, when Plaintiff does not.

56. Defendant, with knowledge of such falsity, directly and/or indirectly, offered or caused to be offered, advertised, and sold goods and services in connection with trademarks,

trade names, and a domain name that are confusingly similar to the **ICONA**® Trademark.

57.     Defendant's use of the Infringing Mark is without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or the **ICONA**® Trademark.  Plaintiff has objected to Defendant's use of the Infringing Mark, and Defendant has intentionally ignored such demands and has continued to use the Infringing Mark, intending to trade on the goodwill associated with the **ICONA**® Trademark.

58.     Defendant's acts constitute false designation of origin, false suggestion, and false connection with the **ICONA**® Trademark, and unfair competition in violation of 15 U.S.C. §1125(a).

59.     Defendant's willful and callous misconduct make this an exceptional case, entitling Plaintiff to have any monetary remedies increased up to treble damages and to recover its attorneys' fees under 15 U.S.C. § 1117.

60.     Plaintiff has been and will continue to be irreparably injured by Defendant's conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against Defendant, and, after trial, to recover any damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts of infringement and unfair competition.

### COUNT 3:  FLORIDA UNFAIR COMPETITION
### (Fla. Deceptive and Unfair Trade Practices Act F.S. §501.201 *et. seq.*)

61.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth in this Count 3.

62.     Defendant's conduct as alleged in this Complaint constitutes an unfair method of competition, unconscionable acts or practices, or unfair or deceptive acts or practices pursuant to

F.S. §501.204 of the Florida Deceptive and Unfair Trade Practices Act. Specifically, Defendant has infringed Plaintiff's trademark in violation of the federal Lanham Act and Florida state and common law, thereby causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, and causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by another. Indeed, at least one Florida resident, after viewing the Infringing Mark, was misled into believing that Defendant's goods and services are authorized or approved by Plaintiff when they are in fact not so authorized or approved.

63. Plaintiff, as a direct result of the unfair method of competition, unconscionable acts or practices, or unfair or deceptive acts or practices has been required to engage the undersigned law firm and incur legal fees.

64. The fees incurred by Plaintiff and rates charged by the undersigned law firm are reasonable.

65. Plaintiff, as a direct result of the unfair method of competition, unconscionable acts or practices, or unfair or deceptive acts or practices, lost money and/or property, and has suffered irreparable harm to its reputation and valuable goodwill in the **ICONA**® Trademark.

66. By virtue of the wrongful conduct as described herein, Defendant has improperly gained revenues and profits that in fairness and equity should be ordered to be disgorged by Defendant. Defendant should also be enjoined from engaging in acts of unfair competition against Plaintiff.

## COUNT 4: COMMON LAW TRADEMARK INFRINGEMENT

67. Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 66 as if fully set forth in this Count 4.

68. Plaintiff owns and has previously established rights in and to the **ICONA**® Trademark.

69. By virtue of its willful disregard for Plaintiff's rights in the **ICONA**® Trademark, and its knowing and intentional misrepresentations, Defendant's conduct as described above misleads the public as to the nature, source, and/or origin of their goods and services so as to create a likelihood of confusion as to the nature, source, or sponsorship of Defendant's goods and services.

70. Defendant's conduct wrongfully tarnishes the valuable goodwill symbolized by the **ICONA**® Trademark.

71. Defendant's conduct constitutes unfair competition in violation of Plaintiff's rights under the common law of the State of Florida.

72. By reason of Defendant's acts alleged in this Complaint, Plaintiff has suffered and, unless Defendant's conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Achristavest Pier 6600 LLC respectfully prays for the following relief against Defendant:

(a) An order declaring that Defendant's unauthorized conduct violates the Lanham Act, 15 U.S.C. §§1114, 1125(a), and 1125(d) and the Florida Deceptive and Unfair Trade Practices Act, F.S. §501.201 – 501.213;

(b) An order permanently enjoining and restraining Defendant and those in active

concert and participation with Defendant from:

1. Further infringing the **ICONA**® Trademark and using the Infringing Mark, any corresponding trademarks, and/or any domain name or trademark that would cause a likelihood of confusion with the **ICONA**® Trademark to advertise, promote, display, or sell any good or service;

2. Registering, renewing, or making any use of the Infringing Mark or any domain name, trademark, corporate name, trade name, or designation consisting of, in whole or in part, and/or any domain name, trademark, corporate name, trade name, or designation that would cause a likelihood of confusion with the **ICONA**® Trademark;

3. Registering, renewing, purchasing, and/or acquiring any trademark, domain name, trade name, corporate name, and/or designation, consisting of, in whole or in part, the **ICONA**® Trademark, the term "ICONA", or any domain name, trademark, corporate name, trade name, or designation that would cause a likelihood of confusion with the **ICONA**® Trademark;

4. Representing or suggesting to any third party that Defendant is affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff and/or the **ICONA**® Trademark; and

5. Otherwise unfairly competing with Plaintiff;

(c) An order compelling Defendant to transfer to Plaintiff any registration of the Infringing Mark and/or any other trademark, corporate name, trade name, and/or designation consisting of, in whole or in part, any domain name, trademark, corporate name, trade name, or designation that causes a likelihood of confusion

      with the **ICONA®** Trademark;

(d) An order compelling Defendant to remove all signs, and to recall all copies of print media, press releases, promotions, or advertisements in Defendant's control bearing the Infringing Mark, and all related goods and services and/or materials, pursuant to 15 U.S.C. § 1118;

(e) An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any goods and services offered by Defendant are authorized by Plaintiff or are in any way related to Plaintiff or Plaintiff's goods and services;

(f) An order directing an accounting and judgment be rendered against Defendant for:

    1. An award of profits received by Defendant from its infringement of the **ICONA®** Trademark as provided for by 15 U.S.C. § 1117;

    2. All profits received by Defendant and all damages sustained by Plaintiff on account of Defendant's false suggestion or connection with Plaintiff through the use of the Defendant's Infringing Mark;

    3. An award of damages to Plaintiff for Defendant's wrongful conduct, including treble damages for Defendant's intentional and willful infringement pursuant to 15 U.S.C. § 1117;

    4. An award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117 and Florida Rules of Civil Procedure; and

(g) Any other relief that the Court finds warranted and just.

| | |
|---|---|
| Dated: <u>March 29, 2017</u> | <u>/s/ Jeffrey McFadden</u><br>**Stradley Ronon Stevens & Young, LLP**<br>Jeffrey McFadden (Fla. Bar No. 0019052)<br>Philip Foret (Pa. Bar No. 87509)<br>*Pro Hac Vice Admission to be submitted*<br>David Fitzgibbon (Pa. Bar No. 206392)<br>*Pro Hac Vice Admission to be submitted*<br>1250 Connecticut Avenue, N.W., Suite 500<br>Washington, DC 20036<br>Telephone:  (202) 507-5150<br>Facsimile:  (202) 822-0140<br>Email: jmcfadden@stradley.com<br>           pforet@stradley.com<br>           dfitzgibbon@stradley.com<br><br>Attorneys for Plaintiff,<br>ACHRISTAVEST PIER 6600 LLC |